## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **FRED DOUGLAS BATES,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-01523** |
| | ) | **Judge Aleta A. Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

Before the court is Fred Bates' Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 1), seeking to vacate the sentence entered upon his 2013 criminal conviction in *United States v. Bates*, No. 3:09-cr-00062 (M.D. Tenn. April 13, 2010) (Judgment, Doc. No. 52).[1] Bates argues, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), that his sentence was unlawfully enhanced by the application of 18 U.S.C. § 924(c)'s mandatory sentence structure imposed when a defendant possesses a firearm in furtherance of a "crime of violence." He asserts that his federal offenses only qualified as crimes of violence under the now unconstitutional definition of a crime of violence contained in § 924(c)(3)(B). (Doc. No. 1, at 1.) Because Bates was not convicted or sentenced under § 924(c)(3)(B), his motion will be denied.

## I.    PROCEDURAL BACKGROUND

Bates was charged in a Superseding Information with four counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count (Count 2) of using, carrying, and

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No. __."

brandishing a firearm during and in relation to a crime of violence (to wit, armed bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A). (Crim. Doc. No. 38.) He pleaded guilty to all five counts pursuant to a Petition to Enter a Plea of Guilty and a Plea Agreement. (Crim. Doc. No. 51.) This court sentenced him on April 5, 2010 to 48 months' imprisonment on each of the bank robbery charges, to be served concurrently with each other, and to a consecutive term of 84 months, the mandatory minimum, on Count 2, for a total sentence of 132 months, to be followed by 5 years of supervised release. (Crim. Doc. No. 52.) Bates did not appeal his conviction or sentence.

His § 2255 motion was filed, through counsel, on June 23, 2016. (Doc. No. 1.) The government responded (Doc. No. 9), and the movant filed both a Reply and a Supplemental Reply (Doc. Nos. 10, 11).

## II.      LEGAL STANDARD

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A motion under § 2255 is ordinarily subject to a one-year statute of limitations, running from the date the underlying conviction became final. 28 U.S.C. § 2255.

### III.    ANALYSIS

Bates was convicted on four counts of armed bank robbery under 18 U.S.C. § 2113(a) and (d). Section 2113(a) proscribes bank robbery "by force and violence, or by intimidation." Subsection (d) enhances the penalty for any defendant who, in the course of a violation of subsection (a), "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). The Superseding Information in this case clearly charged Mr. Bates under subsection (d), asserting in each of the four bank robbery counts that he assaulted the bank employees and put their lives in jeopardy by use of a dangerous weapon. (Crim. Doc. No. 38.)

Federal law imposes a mandatory minimum consecutive sentence of seven years upon any person who is convicted of "brandishing" a firearm "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A)(ii). Section 924(c)(3) defines "crime of violence" as an offense that is a felony and either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"; or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(A), (B). Subsection (A) is known as the "elements" or "use-of-force" clause, and subsection (B) is referred to as the "residual" clause.

Mr. Bates argues that the residual clause, subsection (B), is unconstitutionally vague and that armed bank robbery under federal law only qualifies as a crime of violence under the residual clause. He is partially right. The Supreme Court has indeed held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, No. 18-421, 2019 WL 2570623 (June 24, 2019).

On the other hand, armed bank robbery under 18 U.S.C. § 2113(d) clearly qualifies as a

crime of violence under the use-of-force clause of § 924(c)(3)(A). *United States v. Johnson*, 899 F.3d 191, 203–04 (3d Cir. 2018) (applying the categorical approach to find that a conviction under § 2113(d) qualifies as a crime of violence under § 924(c)(3)(A), because "'assault[ing]' someone or putting a life in 'jeopardy . . . by the use of a dangerous weapon,' meets the elements clause: it 'has as an element the use, attempted use, or threatened use of physical force.'" (quoting 18 §§ 2113(d) and 924(c)(3)(A))), *cert. denied*, 139 S. Ct. 647 (2018); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (per curiam) ("Because bank robbery 'by force and violence, or by intimidation' is a crime of violence, so too is armed bank robbery."), *cert. denied*, 139 S. Ct. 203 (2018); *United States v. Lloyd*, 741 F. App'x 570, 573 (10th Cir. 2018) (same, collecting cases), *cert. denied*, 139 S. Ct. 1167 (2019). *See also United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018) (finding that bank robbery by intimidation under § 2113(a) qualifies as a crime of violence); *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019) (finding that carjacking by intimidation, which uses language identical to that of § 2113(a), qualifies as a crime of violence under § 924(c)(3)(A)).

In short, Bates' armed bank robbery convictions under 18 U.S.C. § 2113(d) constitute "crimes of violence" under § 924(c)(3)(A), as a result of which his conviction on Count 2 under § 924(c) is not affected by *Davis*. Mr. Bates is not entitled to relief.

## IV.    CONCLUSION

For the reasons set forth herein, the § 2255 motion will be denied.

The court will also decline to enter a certificate of appealability in this case. The Rules Governing § 2255 Proceedings require that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Gov'g § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, Bates must make a substantial showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, because no reasonable jurists would differ on this court's disposition of Patterson's § 2255 motion, the court declines to issue a certificate of appealability.

An appropriate Order is filed herewith.

ENTERED this 3rd day of July 2019.

ALETA A. TRAUGER
United States District Judge